# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
08/06/2018 at 12:36:10 PM
Clerk of the Superior Court
By Yesica Campos, Deputy Clerk

MARCEREAU & NAZIF
Robert H. Marcereau (State Bar No. 211534)
Sy Nazif (State Bar No. 228949)
Amber D. Esposito (State Bar No. 263476)
26000 Towne Centre Drive, Suite 230
Foothill Ranch, CA 92610
Telephone:   (949) 531-6500
Facsimile:   (949) 531-6501

Attorneys for Plaintiff
MARK EASTWOOD

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| MARK EASTWOOD,<br><br>          Plaintiff,<br><br>     vs.<br><br>GEICO INDEMNITY COMPANY and DOES 1 to 100, inclusive,<br><br>          Defendant. | CASE NO. 30-2018-01010216-CU-NP-CJC<br>Judge Layne H. Melzer<br><br>**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES**<br><br>**COUNTS:**<br><br>1. **Breach of the Implied Covenant of Good Faith and Fair Dealing;**<br><br>2. **Injunctive Relief Pursuant to Business and Professions Code, Section 17200.**<br><br>**DEMAND FOR JURY TRIAL** |

//
//
//
//
//
//

1
PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Mark Eastwood, and for causes of action against Defendants and Does 1-100, inclusive, alleges as follows:

## GENERAL ALLEGATIONS

(Against All Defendants and Does)

1. Plaintiff Mark Eastwood is, and at all relevant times was, a resident of the County of Orange, State of California. At all times herein mentioned, the acts and conduct complained of against Defendants, and each of them, resulting in injuries and damages to this Plaintiff which transpired and occurred in the County of Orange, State of California.

2. Defendants Geico Indemnity Company and Does 1-100, inclusive are, and at all times herein mentioned were, corporations or business entities licensed to do and doing business as insurance companies in all of the Counties of the State of California. Among other things, said Defendants issued insurance policies, established practices and procedures for the handling of claims, investigated and handled claims arising under insurance policies, employed attorneys with respect to claims arising under insurance policies issued by said Defendants and issued, among other policies of insurance, those dealing with motorcycles with such provisions as, among other things, medical expense coverage ("Med-Pay"), uninsured motorist benefits ("UM") and underinsured motorist benefits ("UIM") on behalf of its insureds, including Plaintiff.

3. Plaintiff does not know the true names or legal capacities of the Defendants sued herein as Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants designated herein as a Doe is legally responsible in some manner for breach of the implied covenant of good faith and fair dealing, and statutory violations of Business and Professions Code, Section 17200, or in some other actionable manner for the events and happenings hereinafter referred to as well as were tortiously responsible in some manner for illegally causing the injuries and damages to Plaintiffs as hereinafter alleged, including, but not limited to, tortious liability based upon the laws of general negligence, professional negligence, products liability, volunteer liability and any other statutory and common law tort liability laws giving rise to third-party standing on the part of

Plaintiffs. Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same has been ascertained.

4. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants, whether specifically named or designated herein as a Doe, were the agents, representatives, servants, employees, principals, joint-venturers, co-conspirators, legal counsel, management companies and/or representatives of each of the remaining co-Defendants and, in doing the acts hereinafter alleged, were acting within the course and scope of said agency, employment, joint-venture, conspiracy, re-insurance agreement, co-insurance agreement, management company agreement and/or service with the approval, knowledge, authority, acquiescence and/or ratification of each of the remaining Defendants.

## FIRST CAUSE OF ACTION
(For Breach of the Implied Covenant of Good Faith and Fair Dealing Against Defendant Geico Indemnity Company and Does 1 through 100, Inclusive)

5. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 4 of the General Allegations and incorporates the same by reference as set forth in full.

6. Prior to July 5, 2016, Defendant Geico Indemnity Company and Does 1 through 100, inclusive, issued to Plaintiff Mark Eastwood a policy of automobile insurance, policy number 4440-14-63-16. Said insurance contract was entered into while Plaintiff was a resident of the County of Orange, State of California. Among other things, said policy provided underinsured motorist coverage with a policy limit of $100,000. The policy provided that a determination as to whether or not the insured was legally entitled to recover damages and the amount thereof shall be made by agreement between the insured and the insurer or, in the event of a ***reasonable bona fide disagreement***, by arbitration.

7. On July 5, 2016, while said policy was in full force and effect, Mr. Eastwood was involved in an automobile vs. motorcycle collision which occurred in the County of Orange, State of California. On that date Mr. Eastwood was driving his 2014 Honda NC700 motorcycle southbound on Irvine Center Dr. in the number two lane. The other party to the accident, Ms. Zoleikha Ebadi, in violation of California Vehicle Code section 21658(a), made an unsafe and illegal lane change which

3
PLAINTIFF'S COMPLAINT FOR DAMAGES

caused the accident. Liability is not at issue in this case.

8. As a direct and legal result of that collision, Mr. Eastwood suffered serious and permanent injuries including severe pain in his left ankle, knee, and shoulder immediately after the incident. He was taken by ambulance to Hoag Hospital emergency room where he was diagnosed with a broken fibula and rotator cuff tear. Mr. Eastwood has undergone extensive treatment, but still suffers from headaches and severe pain in his leg and shoulder. He will likely require further treatment in the future.

9. At all relevant times, the liability of the negligent driver was absolutely clear and there were no facts to indicate Mr. Eastwood was at all comparatively negligent. On or about January 2017, the third- party insurer for the negligent driver paid to Mr. Eastwood that third party's full $25,000 bodily injury policy limits.

10. On or about Feb 2, 2017, Mr. Eastwood made a claim with Defendant Geico under the underinsured motorist policy provisions of his policy. At all relevant times, Defendant Geico Indemnity Company and Does were under a duty pursuant to an implied covenant of good faith and fair dealing to act in good faith and deal fairly with Mr. Eastwood in the handling of his underinsured motorist claim. Among other things, Defendants were obligated to institute a thorough and fair investigation of the facts to determine liability, obtain medical records, reports and bills to fairly evaluate the nature and extent of Mr. Eastwood's injuries, have Plaintiff examined by a doctor of Defendants' choice, if necessary, to assist in making a good faith, objective and fair determination of the nature and extent of his accident related injuries and damages, make a reasonable and good faith attempt to effectuate settlement when liability had become reasonably clear, refrain from attempting to settle Mr. Eastwood's claim by making an unreasonably low settlement offer, promptly tender payment of the amount of the claim which had been determined and was not disputed by Defendants, and do any and all things necessary to attempt to make a prompt, fair and equitable settlement with Mr. Eastwood. At all relevant times, Mr. Eastwood provided Defendant Geico Indemnity Company and Does with any and all information sufficient to establish, among other things, that:

    a. The negligent driver, who was cited for the illegal conduct which gave rise to the

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

    collision, was 100% at fault for causing the accident;

  b. Mr. Eastwood has suffered injuries, including but not limited to serious and permanent injuries such as severe pain in his leg and shoulder and recurring headaches.

11. Mr. Eastwood has incurred economic damages in excess of 20,000.00 dollars with the substantial probability of future surgery being required.

12. Mr. Eastwood has a substantial claim for past and future pain and suffering, all of which resulted in Mr. Eastwood's underinsured claim having a gross value in excess of policy limits.

13. At all relevant times, Mr. Eastwood was amenable to, and expressly indicated a willingness to reach an amicable settlement of his underinsured motorist claim for an amount within the policy limits. Despite the foregoing, Defendants refused to engage in good-faith settlement discussions and refused to ever make a timely, fair or equitable settlement offer. In fact, Defendant Geico Indemnity Company offered only 1,500 dollars as a settlement offer previous to demands for arbitration.

14. As a direct and legal result of Defendants' continued refusal to offer a reasonable settlement, or to negotiate in good faith, Mr. Eastwood had no alternative but to demand arbitration on March 1, 2017 pursuant to the provisions of his policy.

15. Mr. Eastwood is informed and believes, and this upon alleges, that in handling his underinsured motorist claim, Defendants tortiously breached the implied covenant of good faith and fair dealing in that, among other things, it:

  a. Failed to conduct a prompt and fair investigation of the facts;

  b. Failed to make a prompt, careful, and reasonable assessment of plaintiff's damages.

  c. Wrongfully and without any reasonable basis or justification, and for the express purpose of injuring, harassing and/or annoying the Plaintiff, took the untenable and unsupportable position that Plaintiff's injuries were not as severe and extensive as they were;

  d. Wrongfully and without any reasonable basis or justification, and for the express purpose of injuring, harassing and/or annoying the Plaintiff, attempted to settle the

       claim by making an unreasonably low settlement offer;

e. Completely failed at any time to make a prompt, fair and equitable settlement offer after liability had become reasonably clear;

f. Engaged in a multitude of delaying tactics, including, but not limited to, refusing to timely respond to Plaintiff's correspondence; arbitrarily disregarding all favorable evidence in support of Mr. Eastwood's claim; and failing to treat Mr. Eastwood fairly with respect to the benefits he reasonably expected he would have received under the underinsured motorist provisions of his policy.

g. Fraudulently delayed Mr. Eastwood's underinsured motorist claim by ignoring multiple arbitration demands, refusing to engage an arbitrator, all the while making false assurances to Plaintiff that Defendants through their counsel were engaging an arbitrator and had in fact submitted the formal arbitration demand to the American Arbitration Association. Whereas Defendants had never submitted the arbitration demand to the American Arbitration Association and this false representation was just another delay tactic by Defendants.

h. As a direct and legal result of Defendants' breach of its implied covenant of good faith and fair dealing as alleged herein, Mr. Eastwood has suffered damages as follows:

    1. General damages according to proof, including but not limited to, sleeplessness, worry and anxiety due to the manner in which Defendant handled his claim for benefits to which he was lawfully entitled; and

    2. Special damages according to proof for litigation costs and attorneys' fees incurred by being forced by Defendants' conduct to undergo the arbitration process in order to obtain policy benefits to which he was lawfully entitled and for the loss of use of money and for other financial losses according to proof.

i. In handling Mr. Eastwood's underinsured motorist claim and in tortiously breaching its implied covenant of good faith and fair dealing, Defendants acted with malice,

fraud and oppression towards Mr. Eastwood and in conscious disregard of his rights in that, among other things:

1. Defendants did not entertain a good faith belief in the merits of its' position;
2. Delayed resolution of the claim for as long as possible in order to gain the use of the money which should have been properly and promptly paid to Mr. Eastwood in order to profit thereby at Mr. Eastwood's expense;
3. Originating and implementing a scheme and plan to wrongfully deny Mr. Eastwood's underinsured motorist claim by improper use of legal counsel as a stonewall to prevent or delay arbitration;
4. Intentionally refusing to evaluate his injuries and damages on their own merits, and instead relied upon a company-wide de facto policy of evaluating all injuries according to set pre- existing standards in violation of applicable implied covenant and insurance regulations;
   Intentionally attempting to settle his claim by making an unreasonably low settlement offer in violation of well-established implied covenant case law and applicable insurance regulations;
5. Intentionally offering and otherwise providing compensation to its adjusters, supervisors and managers which was contingent upon the amount of settlement of such uninsured and underinsured motorist claims, thereby providing a strong financial incentive on the part of said managers, supervisors and adjusters to never effectuate a prompt, fair settlement when liability had become reasonably clear, all in violation of implied covenant case law as well as applicable insurance code statutes including, but not limited to, Insurance Code, Section 816;
6. Arbitrarily disregarding all favorable evidence in support of Mr. Eastwood's claim; and

7
PLAINTIFF'S COMPLAINT FOR DAMAGES

7. Failing to treat Mr. Eastwood fairly with respect to the benefits he reasonably expected he would have received under the uninsured motorist provisions of his policy.

8. Fraudulently delayed Mr. Eastwood's underinsured motorist claim by ignoring multiple arbitration demands, refusing to engage an arbitrator, all the while making false assurances to Plaintiff that Defendants through their counsel had in fact submitted the formal arbitration demand to the American Arbitration Association and that an arbitrator would be assigned. Whereas Defendants had never submitted the arbitration demand to the American Arbitration Association and this false representation was just another delay tactic by Defendants.

9. All of the aforementioned conduct was done pursuant to a company-wide de facto policy to intentionally and willfully vex, annoy, intimidate, injure and harass Mr. Eastwood, and other similarly situated claimants. Therefore, in doing the acts alleged herein, Defendants' actions were fraudulent, malicious, and oppressive in violation of Civil Code, Section 3294(a), in that its conduct was intended to cause, and did cause, injuries to Mr. Eastwood and was done with a conscious disregard for his rights, thereby warranting the assessment of punitive damages against Defendants, and each of them, in an appropriate amount to punish and set an example for others. All of the foregoing conduct was authorized, approved and/or ratified by Defendants' management-level employees.

//
//
//
//
//

## SECOND CAUSE OF ACTION

(Injunctive Relief Pursuant to Business and Professions Code Section 17200 Against All Defendants and Does)

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 4 of the General Allegations, Paragraphs 5 through 15 of the First Cause of Action, and incorporates the same by reference as though set forth in full. Defendants' conduct described herein constitutes part of Defendants' overall scheme to reduce the costs of claims brought against them by their own insureds and to maximize their own individual financial gain at the expense of insureds who file claims for uninsured and underinsured motorist benefits. In so doing, Defendants' individual, collective and respective conduct as described herein constitutes an unlawful, unfair and/or fraudulent business practices which violates Business and Professions Code, Section 17200.

17. Plaintiff is informed and believes, and thereupon alleges, that said unfair, unlawful, and fraudulent business practices as alleged in this Complaint are continuing in nature and are widespread practices engaged in by said Defendants. On behalf of the general public, Mr. Eastwood hereby seeks injunctive relief prohibiting Defendants' continued violation of the above- described unlawful conduct so as to enjoin them, individually and collectively, from continuing to engage in such unlawful conduct. Such injunctive relief is completely proper as Plaintiffs, as well as other California residents who have purchased insurance policies from Geico Indemnity Company, have no adequate remedy at law to protect themselves from Defendants' pervasive, unfair, unlawful, and fraudulent business practices. No remedy at law is adequate because insureds must initiate litigation after Defendants' unlawful conduct has already occurred. Once a remedy at law matures, Defendants' actions will have already violated California law by compelling insureds, including the Plaintiffs, to initiate litigation to obtain insurance benefits. Granting injunctive relief will protect other California residents who have purchased insurance policies from Geico Indemnity Company. Moreover, Defendants, by individual and collective conduct as described herein, have treated Mr. Eastwood and other insureds unreasonably, unfairly, maliciously, oppressively, and fraudulently, and will continue to do so unless enjoined.

18. On behalf of the general public, Plaintiff respectfully requests this Court order that Defendants be required to disgorge the profits they have wrongfully obtained through the use of these practices.

19. Plaintiff respectfully requests an award of attorneys' fees upon prevailing in this request for injunctive relief.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

## FIRST CAUSE OF ACTION FOR
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

20. General damages according to proof;

21. Punitive damages in an amount sufficient to punish Defendants according to each Defendants' net worth;

22. Costs for suit incurred herein; and

23. For such other relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 17200

24. For a permanent injunction against Defendants, and each of them, restraining, preventing and enjoining said Defendants from engaging in the unfair, unlawful and fraudulent business practices alleged;

25. For an order requiring Defendants, and each of them, to disgorge the profits they have wrongfully obtained through the use of said illegal practices;

26. Attorneys' fees incurred necessary to obtain the aforesaid relief;

27. For costs of suit incurred herein; and

28. For such other relief as this Court deems just and proper.

Dated: August 6, 2018

MARCEREAU & NAZIF

Robert H. Marcereau
Sy Nazif
Amber D. Esposito
Attorneys for Plaintiff
MARK EASTWOOD